IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN PATRICK CULLEN                                                    PLAINTIFF


        v.                      Civil No. 5:21-cv-05220


ALLSTATE INSURANCE CO.;
KATHI JO BRINKLEY; and
KATIE E. KNIGHT                                                       DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil action filed by Plaintiff, John P. Cullen ("Cullen").  Cullen proceeds *pro se*

and *in forma pauperis*.  Cullen in currently incarcerated in the Grimes Unit of the Arkansas

Division of Correction.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. §

1915A(a).  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L.

Brooks, United States District Judge, referred this case to the undersigned for the purpose of

making this Report and Recommendation.

## I.  BACKGROUND

As set forth in the Amended Complaint (ECF No. 6), Cullen purports to be appealing from

a decision of the Arkansas Court of Appeals rendered on November 17, 2021, in the case of *Cullen*

*v. Allstate Ins. Co., Kathi Jo Brinkley, and Katie Knight,* CV-20-688.   *Id.* at 1.  The facts as set

forth by the Arkansas Court of Appeals are as follows:

> In early 2018, Brinkley was an independent contractor for Allstate, and Katie
> Knight was her employee.  Brinkley and Knight reported Cullen's presence on
> Allstate's property to the Hot Springs Police Department several times; their
> complaints included trespass, aggravated assault, and sexual assault.  In September
> 2019, Cullen pled guilty to second-degree sexual assault and was sentenced to six
> years' imprisonment.

1

> On 3 August 2020, the Garland County Circuit Court granted Cullen leave to proceed in forma pauperis, and he filed a complaint against Allstate, Brinkley, and Knight.  The complaint alleged that the defendants had filed false reports that resulted in his arrest for criminal trespass, aggravated assault, harassment, and second-degree sexual assault.  Cullen requested $1 million in damages for slander, libel, defamation, public humiliation, false imprisonment, pain and suffering, and mental anguish.  Allstate and Brinkley were served with this complaint; Knight was not.

*Id.* at 5-6.

On October 28, 2020, the Garland County Circuit Court entered orders granting the motions to dismiss filed by Allstate and Brinkley.  (ECF No. 6 at 7).  Cullen appealed the dismissal to the Arkansas Court of Appeals.  *Id.* at 6-7.  The Arkansas Court of Appeals affirmed the dismissal.  *Id.* at 8.

## II.  APPLICABLE LAW

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. DISCUSSION

The *Rooker-Feldman* doctrine provides that, with the exception of *habeas corpus* petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). The doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005). Likewise, review of state-court judgments is confined to the Supreme Court pursuant to 28 U.S.C. § 1257(a).

This is precisely the situation here. Cullen is seeking to appeal from a state-court judgment. Cullen may not appeal to this Court from a decision of the Arkansas Court of Appeals. Instead, "[Cullen] must follow the appellate procedure through the state courts and seek review before the [United States] Supreme Court." *Dodson v. Univ. of Ark. for Med. Scis.*, 601 F.3d 750, 755 (8th Cir. 2010) (cleaned up).

## IV. CONCLUSION

For the reasons stated above, it is recommended this case be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

Adoption of this recommendation would result in the dismissal of the entire action. In that event, it is further recommended that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this action would not be taken in good faith

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

IT IS SO ORDERED this 3rd day of January 2022.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE